

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. E. Patterson
County Attorney
Brewster County
Alpine, Texas

Dear Sir:

Opinion No. 0-3966
Re: Whether county attorney may
serve as Independent school
district trustee.

We have received your letter of recent date which
we quote in part as follows:

"The undersigned is the regular elected coun-
ty attorney of Brewster County, Texas, having been
so elected in November, and qualified as such on
January 1, 1941. I have been asked to serve as a
Trustee for the Alpine Independent School District,
and as such will receive no salary, fees or com-
pensation.

"Can I as County Attorney legally serve as
said Trustee, by appointment as such Trustee?"

You did not specify in your letter under what act
the Alpine Independent School District was created. We shall,
therefore, assume that it was created under the general autho-
rity of Chapter 13, Title 49, of the Revised Civil Statutes
of Texas. Article 2775 thereof reads as follows:

"In each independent district that shall
hereafter be organized, the county judge of the
county in which said independent district is
situated shall order an election for seven trus-
tees, who shall constitute the school board of
such district, and all of whom shall serve with-
out compensation. All of the qualified voters
of each such district shall be entitled to vote
at any election for trustees hereunder." (Em-
phasis supplied)

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. E. Patterson, Page 2

We shall also assume that there now exists a vacancy in the board which the remaining trustees are authorized to fill under the provisions of Article 2777.

Section 40 of Article XVI, of the Constitution, prohibits the holding of more than one office of emolument. However, this section does not apply to the office of trustee of an independent school district since under the above quoted statute such trustee serves without compensation. Thomas v. Abernathy County Line Independent School Dist., 278 S. W. 313 (reversed on other grounds, 290 S. W. 152); 34 Tex. Jur. 349.

It is the settled law in this State that a person cannot hold two incompatible offices at the same time. Kugle v. Glenn Rose Independent School Dist. No. 1, 50 S. W. (2d) 375. However, we know of no reason why the duties of an independent school district trustee should in any way be inconsistent or in conflict with the duties of a county attorney. It is our opinion, therefore, that the two offices are not incompatible.

In view of the foregoing you are respectfully advised that a county attorney may at the same time serve as a trustee of an independent school district created under the general law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

By _George W. Sparks_

George W. Sparks

APPROVED SEP 23, 1941

GWS:oj

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN